359 A.2d 388
**COMMONWEALTH of Pennsylvania**
**v.**
**Fred LARRY, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 29, 1976.

Decided July 6, 1976.

502

Richard E. Johnson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is a direct appeal * from a judgment of sentence imposed on appellant's conviction of murder in the sec-

---

* See the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975).

ond degree following a jury trial. Appellant raises two contentions: (1) that the evidence introduced by the Commonwealth was insufficient to sustain the conviction and (2) that psychiatric testimony offered by appellant compelled a finding of involuntary manslaughter. Finding no merit to either of these claims, we affirm.

The test for the sufficiency of evidence to sustain a conviction has been stated many times as "whether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Bastone*, 466 Pa. ——, ——, 353 A.2d 827, 829 (1976). Viewing the evidence in this light, the Commonwealth proved: Appellant and his wife, decedent in the case, were separated at the time of the killing. Decedent was living with her mother at 2649 Douglas Street in Philadelphia. On the evening of the killing, decedent, several relatives and some friends were at the Douglas Street house. Appellant arrived at the house at about 11:30 in the evening. Although no one in the house invited him in, appellant entered the house and went into the dining room. As appellant entered the dining room, he saw decedent kissing another man. Appellant pulled out a knife, attacked decedent, stabbed her three times, and then forcefully removed her from the house. Witnesses testified that decedent was unconscious as appellant dragged her down the street, placed her in his car and drove away. Appellant took decedent to a hospital the following morning where she was pronounced dead. A medical examiner testified that decedent suffered numerous blows with a blunt instrument in addition to the three stab wounds.

The trial court charged the jury, inter alia, on second degree murder and the felonies of burglary and kidnapping. No objection to the charge was taken.

Kidnapping is defined as:

"[The unlawful removal of] another a substantial distance under the circumstances from the place where he is found . . . with any of the following intentions:

.    .    .    .    .    .

.    .    .    .    .    .

(3) To inflict bodily injury on or to terrorize the victim or another."

18 Pa.C.S.A. § 2901 (1973).

Murder in the second degree is defined as:

"A criminal homicide . . . [in which] the death of the victim occurred while defendant was engaged as a principal or an accomplice in the perpetration of a felony."

18 Pa.C.S.A. § 2502 (Supp.1975). Subsection (d) of section 2502 lists kidnapping as one of the felonies included within that term as used in the definition of murder in the second degree.

The evidence introduced by the Commonwealth was sufficient to prove a criminal homicide which occurred during the perpetration of a kidnapping. The jury could have found that appellant unlawfully removed decedent from her mother's home, that he removed her with the intention to inflict bodily injury on her, as evidenced by the marks of a beating in addition to the stab wounds to which the witnesses testified, and that decedent died while appellant was engaged in the felony of kidnapping.

█ Appellant next contends that the introduction of psychiatric testimony compelled a finding of involuntary manslaughter. He bases his argument on *Commonwealth v. McCusker*, 448 Pa. 328, 292 A.2d 286 (1972), but misreads that case. *McCusker* held that psychiatric testimony is admissible to prove provocation which may negate the requisite intent to kill necessary for a convic-

tion of murder in the first degree. *McCusker* did not hold, as appellant argues, that once psychiatric testimony is offered a finding of murder is improper. See *Commonwealth v. Demmitt*, 456 Pa. 475, 482, 321 A.2d 627, 631 (1974). Moreover, in this case the jury apparently was not persuaded by appellant's expert witness.

Judgment of sentence affirmed.